UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GRUPO KARIM'S S.A., <br> Altia Boulevard, GK Tower <br> Sector N.O. Km 2 <br> San Pedro Sula, Honduras, Central America <br><br> & <br><br> MOHAMMAD YUSUF AMDANI <br> Altia Boulevard, GK Tower <br> Sector N.O. Km 2 <br> San Pedro Sula, Honduras, Central America <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL MCNICHOLAS <br> 1690 King Richard Rd <br> Eldersburg, Maryland 21784 <br> (Carroll County), <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiffs Grupo Karim's S.A. ("Grupo Karim's") and Mohammad Yusuf Amdani ("Mr. Amdani"), as and for their Complaint against Defendant Michael McNicholas ("Mr. McNicholas") allege as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages arising from the publication of defamatory statements in the Defendant's article, "Terrorism and Commercial Transportation: Use of Ships,

Cargoes, Containers to Transport Terrorists and Materials" ("the Article")[1] and its subsequent republication to members of the Honduran judiciary.

2.  Mr. Amdani is the CEO of Grupo Karim's. Both Mr. Amdani and Grupo Karim's had enjoyed unblemished reputations until the Defendant published an article that was later disseminated to the justices presiding over an appeal to which a company affiliated with the Plaintiffs was a party.

3.  The Article accuses Mr. Amdani, Grupo Karim's, and a supposedly affiliated company of laundering money in furtherance of international terrorism, smuggling drugs, and even aiding al-Qaeda. Neither Mr. Amdani nor Grupo Karim's were aware of these statements until they were furtively communicated to the Honduran judiciary in December 2014. However, Plaintiffs are now intimately acquainted with these corrosive statements as they have seeped into the business community and into pending litigation in Honduras.

**PARTIES**

4.  Plaintiff Mohammad Yusuf Amdani is a Honduran citizen and a resident of San Pedro Sula, Honduras.

5.  Plaintiff Grupo Karim's S.A. is a Honduran corporation with its principal place of business in Choloma, Honduras.

6.  Defendant Michael McNicholas is a US citizen residing at 1690 King Richard Rd, Eldersburg, MD 21784.

---

[1] Michael McNicholas, *Terrorism and Commercial Transportation*, in MARITIME SECURITY AND DEFENCE AGAINST TERRORISM, 51, at 58-59 (F. Bora Uzer ed., IOS Press, 2012), attached hereto as Exhibit A.

2

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because (i) the amount in controversy exceeds $75,000 including interests and costs and (ii) the Plaintiffs are citizens of a foreign state and the Defendant is a citizen of Maryland.

8. This Court has personal jurisdiction over Defendant because his domicile is in the state of Maryland.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because the Defendant resides in Carroll County, Maryland.

## FACTS

10. Mr. Amdani is the CEO of Grupo Karim's and Green Development Corporation S.A. de C.V. ("Green Development").

11. Mr. Amdani is a Honduran citizen, originally born in Pakistan. He received his undergraduate degree and MBA in Karachi, Pakistan. In 1991 he moved to Honduras, where he has lived for over 24 years. That same year (1991) he founded Grupo Karim's. Mr. Amdani's accomplishments in the financial sector are vast. They include (i) developing Green Valley Industrial Park into the most important and modern industrial park in Central America, (ii) promoting the outsourcing industry in San Pedro Sula, which is now the premier outsourcing center in Central America, (iii) breaking ground in Altia Smart City in Tegucigalpa, which integrates digital technology, (iv) developing the hospitality sector through the Courtyard Marriott brand, and (v) serving as the Secretary of Foreign Affairs' Advisor on the Promotion of Foreign Investments during the administration of President Manuel Zelaya.

12.     Mr. Amdani and his companies have an impeccable reputation that comports with their success in business. For example, Mr. Amdani has collaborated with and has been commended by a number of US ambassadors in Honduras, including Larry Palmer, Charles Ford, Hugo Llorens, Lisa Kubiske, and the current ambassador, James Nealon.

## THE DEFAMATORY STATEMENTS

13.     Michael McNicholas claims to be a former CIA analyst and a consultant in several defense-related areas, including counter-narcotics and maritime security. Mr. McNicholas has authored an article entitled "Terrorism and Commercial Transportation: Use of Ships, Cargoes, Containers to Transport Terrorists and Materials" ("the Article"), which contains a number of defamatory statements about Plaintiffs.

14.     The Article was published in 2012 by IOS Press BV, a Dutch publishing house, in a book entitled *Maritime Security and Defence Against Terrorism* (F. Bora Uzer ed., 2012). Michael McNicholas, *Terrorism and Commercial Transportation*, *in* Maritime Security and Defence Against Terrorism, 51, at 58-59 (F. Bora Uzer ed., IOS Press, 2012).

15.     With respect to Mr. Amdani and Grupo Karim's, the Article states as follows, in a section bearing the heading "**Use of Commercial Conveyances to Ship Weapons & Materials to Terrorists**":[2]

> *More recently, according to press reports, in 2003, al-Qaeda senior leader Khalid Shaikh Mohammed (KSM) attempted to invest in a Pakistani clothing factory for the purpose of shipping undefined weapons within their loaded*

---

[2] As quoted below, the footnotes italicized and underlined are found in the Article, while those in regular typeface indicate notes by the Plaintiffs.

[*23*] *Greg. B Smith, 'Rag Trade Terror Plot: Al Qaeda Sought Garment Center Tie,'* New York Daily News, *Aug. 22, 2003, available at http://www.freerepublic.com/focus/f-news/96846/posts (last visited May 17, 2012).*

[*24*] *See Sue Stott, 'New Concerns South of the Border.'*

*containers which were destined for New York.[23] A US Department of Defense-contracted research study conducted in 2009 cites another Pakistani-based clothing corporation, one which has operations in Central America, the Caribbean, and the US and whose owner reportedly is linked to al-Qaeda. This case is useful because it offers a view of the global nature of shipping and sheds light on how legitimate commerce can easily shroud probable contraband operations.[24] An extract of this portion of the study is as follows:*

> *A very interesting terror facilitator in Honduras is Yusuf Andani* [sic]*, a prominent Pakistani-born businessman and an advisor to Honduras President Manuel Celaya* [sic] *Rosales. Andani is the general manger* [sic] *of Grupo Karim's, a multinational corporation which has dozens of sub-companies (including banks) based in Honduras, Guatemala, El Salvador, the Dominican Republic, the U.S. and Pakistan. Grupo Karim's regularly ships a large number of containers loaded with yarn from their five mills in Pakistan to dozens of apparel and textile manufacturers in Central America and the Caribbean. The finished products are then shipped to the U.S. One of these Honduran-based textile assemble* [sic] *companies — which ships directly to Miami — is Green Valley, a company which has been suspected of involvement in drug smuggling. According to U.S. Embassy and international law enforcement contacts interviewed, Andani is a point-of-contact in Central America for al-Qaeda and uses his web of companies and banks to launder terror organization money and transfer funds to terror cells based in Panama, Central America, and Mexico.[25]*

*A closer look of the shipping operations of this company raises additional questions and obvious red flags for illicit smuggling, which include drugs, weapons, money, humans, and/or other material. For example, a review of the shipping documentation of several of Grupo Karim's containers exported from Honduras to the US revealed:*

- *The company is shipping containers to the same location in Miami but using multiple shipping lines. This is an unusual business practice.*

- *One of the shipping lines used only calls in Fort Lauderdale and not in Miami. Discharging containers in Port Everglades (Fort Lauderdale) increases the operational costs as they have to be drayed to the Miami destination.*

- *The freight fees of the containers was 'pre-paid,' which is unusual for a regular client.*

5

- *The 'notify telephone number' is not listed on the Company website and is an unpublished or restricted number, which is contrary to standard business practices.*
- *The import location is a suite in a typical office building and is not a warehouse or a typical final destination for this type of cargo.*
- *One container shipped was noted to hold '159 boxes of cotton string.' This shipment is illogical and begs the question, 'why would a Honduran Factory ship raw material to an office in the US?'*

16. The foregoing statements (the "Defamatory Statements") are, individually and as a collective whole, false and defamatory with respect to both Mr. Amdani and Grupo Karim's.

17. As a collective whole, the Article accuses Mr. Amdani and Grupo Karim's of involvement in international terrorism, money-laundering, smuggling, and other illicit activity. These accusations are false. In reality, neither Mr. Amdani nor Grupo Karim's have ever engaged in, nor (apart from the Article's scurrilous claims) been reported as being linked to, terrorism, money-laundering, smuggling, or any such illicit acts. Defendant lacked any reasonable factual basis for making such accusations.

18. Furthermore, the Article's claim that Mr. Amdani is a "terror facilitator" is false and defamatory. Mr. Amdani has not engaged in facilitating terrorist activity, and Defendant lacked any reasonable factual basis for making this accusation.

19. Likewise, the Article's claim that Mr. Amdani "is a point-of-contact in Central America for al-Qaeda" is false and defamatory. Mr. Amdani is not a point-of-contact in Central America for al-Qaeda, and Defendant lacked any reasonable factual basis for making this accusation.

20. Similarly, the Article's claim that Mr. Amdani "uses his web of companies and banks to launder terror organization money and transfer funds to terror cells based in Panama,

Central America, and Mexico" is false and defamatory. Mr. Amdani has engaged in no such activity, and Defendant lacked any reasonable factual basis for making this accusation.

21. Moreover, the Defendant's statements that Grupo Karim's "owner reportedly is linked to al-Qaeda"; that its circumstances "she[d] light on how legitimate commerce can easily shroud probable contraband operations"; that Grupo Karim's "regularly" ships containers to "Green Valley, a company which has been suspected of involvement in drug smuggling"; that Grupo Karim's owner "uses his web of companies and banks" – which appears to refer to Grupo Karim and its "dozens of sub-companies (including banks) based in Honduras, Guatemala, El Salvador, the Dominican Republic, the U.S. and Pakistan" – "to launder terror organization money and transfer funds to terror cells based in Panama, Central America, and Mexico"; and that "[a] closer look at the shipping operations of this company raises additional questions and obvious red flags for illicit smuggling, which include drugs, weapons, money, humans, and/or other material" (of which the enumerated bullet points in the Article are only an "example") are false and defamatory because they state and imply that Grupo Karim's is involved in such illicit activity and that there is additional, undisclosed evidence to support such a conclusion. In truth, Grupo Karim's is not and has not been involved in terrorism, smuggling (or drugs, weapons, money, humans, or other material). money laundering, or any other illicit acts alleged by Defendant, and Defendant lacked any reasonable factual basis for making such an accusation.

22. Defendant's disregard for the truth, and lack of diligence in investigating and making the various factual claims in the Article, are further confirmed by additional red flags and fundamental mistakes in the Article (besides the outlandish and false claims outlined above):

- The Article misspells both President Zelaya and Mr. Amdani's respective names.

7

- Notwithstanding the Article's claim, neither Mr. Amdani nor Grupo Karim's owns a bank.

- The Article mentions a "Green Valley" textile company. Grupo Karim's is not associated with any "Green Valley" textile company. Its subsidiaries include Green Development Corporation S.A. de C.V. and Green Valley Industrial Park. But neither Green Development nor Green Valley Industrial Park are textile companies.

- The Article attributes some of the accusations to the US embassy, with which Mr. Amdani enjoys a longstanding cooperative philanthropic relationship.

- Defendant's citations to purported sources omit basic elements such as the cited work's title and author, let alone the pages cited.

23. Indeed, Defendant made the foregoing Defamatory Statements with respect to Mr. Amdani and Grupo Karim's with reckless disregard as to their truth or falsity.

24. Neither Mr. Amdani nor Grupo Karim's learned of the Defamatory Statements made by Defendant until December 2014.

25. In December 2014, an attorney for one of Mr. Amdani's companies received an anonymous tip from an informant who identified himself as a clerk in the Honduran Supreme Court, where litigation involving that company was pending. As a result, Plaintiffs learned that a copy of *Maritime Security and Defence Against Terrorism* – including Defendant's Article and the Defamatory Statements it contained – had surreptitiously been provided *ex parte* to that Court. This was when Plaintiffs first learned of the Article and of the Defamatory Statements that had been made about them.

26. All conditions precedent to the maintenance of this action have been performed, have been waived, or otherwise have occurred.

## COUNT I

### (Defamation)

27. Plaintiffs repeat and reallege every allegation contained in paragraphs 1-26 as though set forth fully herein.

28. Defendant made the Defamatory Statements about Plaintiffs as described above.

29. The Defamatory Statements are false and stand in stark contrast to the Plaintiffs' otherwise longstanding and impeccable reputations in the business community.

30. Defendant made these statements without exercising due care, and with reckless disregard as to their falsity.

31. The Defamatory Statements were communicated to third parties on multiple occasions. The Defendant provided the statements to IOS Press BV so that they would be published and distributed. The statements were in fact published, and the text was distributed (among other places) in the United States by IOS Press, Inc. It remains available to be read online via sources such as Google Books and a publication by the Multinational Maritime Security Centre of Excellence. It also remains available for purchase today through IOS Press's distributors. Furthermore, an unknown person provided the Article to members of the Honduran judiciary presiding over an appeal to which one of Mr. Amdani's companies was a party. The republication of these statements was the natural and probable consequence of Mr. McNicholas' original publication.

32. The Defamatory Statements were defamatory *per se* because they (i) accused Grupo Karim's and Mr. Amdani of committing infamous criminal offenses that are punishable by imprisonment and (ii) impute conduct to Grupo Karim's and Mr. Amdani that are incompatible with the proper exercise of a lawful business.

33. Accordingly, as a direct and proximate result of Defendant's publication of the Defamatory Statements, Mr. Amdani and Grupo Karim's have suffered damages including (without limitation) impairment of reputation and standing in the community.

## PRAYER FOR RELIEF

**WHEREFORE,** judgment should be issued in favor of the Plaintiffs and against the Defendant for compensatory and punitive damages in addition to an order of interest and such other and further relief as this Court may deem just and proper.

Dated: November 30, 2015

        /s/  Alec W. Farr
Alec W. Farr (Federal Bar # 12513)
alec.farr@bryancave.com
Kristin M. Robinson (Federal Bar #18049)
kristin.robinson@bryancave.com
Bryan Cave LLP
1155 F Street NW
Washington, DC  20004
Phone - (202) 508-6000
Fax - (202) 508-6200

*Counsel for Plaintiffs Mohammad Yusuf Amdani and Grupo Karim's S.A.*